IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TIMOTHY TIMMONS,

    Plaintiff,

v.

HOMER BRYSON; WARDEN TATTUM;
TOBBY, Deputy Warden of Security;
BRANDON SELLERS; OFFICER
SHOEMAKER; OFFICER REID; OFFICER
SANDERS; CAPTAIN ANDERSON;
OFFICER MCINTOSH; MEDICAL
ADMINISTRATOR; MEDICAL
PHYSICIAN; and ALL OF ROGERS STATE
PRISON CORRECTIONAL FACILITY,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-19

## O R D E R

Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) He is proceeding *pro se* and *in forma pauperis*. On May 24, 2016, Defendants[1] filed a pre-answer Motion to Dismiss. (Doc. 17.) Defendants also moved to stay discovery in this case until that Motion is resolved. Upon careful consideration, the Court **GRANTS** Defendants' Motion to Stay. (Doc. 18.)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any

---

[1] The Court's use of "Defendants" refers to Defendants Sellers, Shoemaker, and McIntosh, the only properly named Defendants upon whom the Court ordered service of Plaintiff's Complaint. (Doc. 8.)

> legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' Motion and that no prejudice will accrue to the parties if Defendants' request is granted. Specifically, a ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY **ORDERED** that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendants' Motion to Dismiss, at which time a discovery schedule will be entered as to any claims that may remain. This ruling does not affect Plaintiff's obligation to file a response to Defendants' Motion to Dismiss.

**SO ORDERED**, this 26th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA