IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| TIMOTHY TIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>HOMER BRYSON; WARDEN TATTUM; TOBBY, Deputy Warden of Security; BRANDON SELLERS; OFFICER SHOEMAKER; OFFICER REID; OFFICER SANDERS; CAPTAIN ANDERSON; OFFICER MCINTOSH; MEDICAL ADMINISTRATOR; MEDICAL PHYSICIAN; ALL OF ROGERS STATE PRISON CORRECTIONAL FACILITY; and BOOTH CONTROL OFFICER,<br><br>Defendants. | CIVIL ACTION NO.: 6:16-cv-19 |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation dated March 29, 2016.[1] (Doc. 7.) For the reasons set forth below and after an independent and *de novo* review of the entire record, the Court **CONCURS** with the Magistrate Judge and **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court. Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendants in their official capacities, as well as Plaintiff's claims against Defendants Bryson, Tattum, Tobby, Sanders, Anderson, Medical Administrator, Medical Physician, and All of Rogers State Prison Correctional Facility. In addition, the Court **DISMISSES** Plaintiff's claims against Defendant

---

[1] Plaintiff also filed a pleading docketed and entitled as "Affidavit in Response to Report and Recommendation". (Doc. 22.) A review of this pleading reveals that this pleading is in response to Defendants' still pending Motion to Dismiss. To the extent this pleading contains any statements in support of Plaintiff's Objections to the Report and Recommendation, these statements do not alter the Court's ruling as to the Magistrate Judge's recommendations.

Reid without prejudice. For the reasons stated by the Magistrate Judge, Plaintiff's federal claims will proceed against Defendants Sellers, Shoemaker, McIntosh, and Booth Control Officer. However, the Court **DISMISSES** Plaintiff's state law claims.

## BACKGROUND

Plaintiff brought this action, pursuant to 42 U.S.C. § 1983, complaining of conditions of his confinement at Rogers State Prison. Specifically, in his Complaint, Plaintiff asserted Defendants Shoemaker and Sellers used an excessive amount of force against him on April 24, 2015. (Doc. 1.) He also alleged that Defendant "Booth Control Officer" witnessed this use of force without intervening on Plaintiff's behalf. Id. The Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint and recommended that several claims and Defendants be dismissed. (Doc. 7.) The Magistrate Judge pointed out that, though Plaintiff named several Defendants, he failed to make little, if any, factual allegations against many of them. Id. However, the Magistrate Judge concluded that Plaintiff's claims against Defendants Shoemaker, Sellers, McIntosh, and Booth Control Officer should proceed and ordered that the Complaint be served on those Defendants. Id.

## DISCUSSION

In his Objections, Plaintiff avers he did not set forth more factual allegations than he did in his original Complaint because the form complaint he used instructed him to set forth a "short and simple summary briefing the court of the events that took place." (Doc. 9, p. 1.) Plaintiff goes on to provide new factual allegations and arguments in support of his claims. Id. The Court has considered these allegations as amendments to Plaintiffs' original complaint. Newsome v. Chatham Cty. Det. Ctr., 256 F. App'x 342, 344 (11th Cir. 2007) ("Because courts must construe *pro se* pleadings liberally, the district court should have considered [plaintiff's]

additional allegations in the objection as a motion to amend his complaint and granted it."). The Court concurs with and need not rehash the Magistrate Judge's analysis. However, the Court addresses Plaintiff's new allegations raised in his Objections.

I.  **Claims against Defendant Bryson**

In his Objections, Plaintiff contends Defendant Bryson is liable based on his position as the Commissioner for the Georgia Department of Corrections and is legally responsible for the overall operation of each institution under the Georgia Department of Corrections' jurisdiction. (Doc. 9, p. 2.) Plaintiff notes that, if there is a history of widespread abuse of constitutional rights at a particular institution, Defendant Bryson was on notice of the abuse, and he failed to correct it. Plaintiff generally alleges that, in this case, the widespread abuse is the "misconduct of state officials and their usage of mistreatment and excessive use of force on inmates at Rogers State Prison[.]" (Id.)

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the

---

[2] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Bryant, 575 F.3d at 1299. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. at 1299–1300.

Plaintiff offers nothing more than conclusory allegations that Defendant Bryson was aware of a history of abuses, i.e., misconduct toward inmates at the hands of officials at Rogers State Prison. This is an insufficient basis for liability under Section 1983. Schwartz v. Gwinnett Cty., Ga., 924 F. Supp. 2d 1362 (N.D. Ga. 2013) ("Plaintiffs' conclusory assertions that there was a widespread pattern of abuse or existence of an improper custom or policy that resulted in deliberate indifference are insufficient to impose supervisory liability" on the supervisory Defendants.) (quoting Doe v. School Bd. of Broward Cty., 604 F.3d 1248, 1266 (11th Cir. 2010) ("conclusory assertion of a 'history of widespread abuse' is clearly insufficient to put [defendant] on notice of an ongoing constitutional deprivation[.]")). Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendant Bryson for failure to state a claim.

## II. Failure to Protect Claims against Defendants Tattum, Tobby, and Anderson

Plaintiff asserts Defendants Tattum, Tobby, and Anderson knew of the assault he suffered on April 24, 2015, because other inmates were beating on windows and kicking the doors. Plaintiff maintains these Defendants told the inmates to calm down and threatened them with tear gas and paint ball guns. Plaintiff also maintains these Defendants were aware of complaints and grievances lodged by other inmates against Defendants Sellers and Shoemaker prior to the incident here. (Doc. 9, p. 2.)

4

As with Defendant Bryson, Plaintiff levies nothing more than conclusory allegations that Defendants Tattum, Tobby, and Anderson were aware of previous complaints from inmates involving Defendants Sellers and Shoemaker. Again, Plaintiff fails to set forth facts indicating these Defendants had actual knowledge of any actions by Defendants Sellers and Shoemaker and these Defendants failed to correct these actions. He also does not plausibly allege that these Defendants were aware of a specific harm to Plaintiff's health or safety. Additionally, Plaintiff's assertion that Defendants Tattum, Tobby, and Anderson were made aware of the alleged assault after it occurred is likewise an insufficient basis for liability. He does not allege that they were aware of the assault while it was occurring and in a position to intervene in the alleged use of force by Defendants Sellers and Shoemaker. Consequently, the Court **DISMISSES** Plaintiff's failure to protect claims against Defendants Tattum, Tobby, and Anderson.

### III. Supervisory Liability Claims and Unrelated Claims against Defendant Tattum

As to Defendant Tattum, Plaintiff contends he, as the Warden, is legally responsible for the operation of Rogers State Prison and the actions of his subordinates. (Doc. 9, p. 3.) Plaintiff asserts Defendant Tattum refused to look into or make any decision regarding Defendant McIntosh's disciplinary sanctions. Id. Plaintiff also asserts Defendant Tattum violated his First Amendment rights by having him transferred. (Id. at p. 5.)

Once again, Plaintiff's reliance on supervisory liability is unavailing. His contention that Defendant Tattum, as Warden, is responsible for the operation of the prison and the actions of his subordinates does not provide a basis for liability under Section 1983.

It appears that Plaintiff also wishes to hold Defendant Tattum liable for denying Plaintiff's appeal of the disciplinary sanctions Defendant McIntosh levied against Plaintiff. This, too, is an insufficient basis for liability pursuant to Section 1983. "An allegation that prison

5

officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), *report and recommendation adopted*, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)).

Lastly, Plaintiff's assertion that he was transferred in retaliation for filing a medical grievance is not sufficiently related to Plaintiff's excessive force and due process claims to be raised in the same action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action.").

Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendant Tattum.

IV. **Deliberate Indifference to Medical Needs Claims against Defendants Tobby and Anderson**

In the Report and Recommendation, the Magistrate Judge pointed out that Plaintiff made no specific allegations against Defendants Tobby and Anderson. In his Objections, Plaintiff alleges that he told Defendants Tobby and Anderson three days after the alleged assault that he

was in a lot of pain and that he was in need of medical attention. (Doc. 9, p. 5.) Plaintiff asserts Defendants Tobby and Anderson told him there was nothing seriously wrong with him, but they would notify the prison's medical department of his complaints. Id.

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when a defendant shows a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Id.

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by

conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id.

Even accepting as true Plaintiff's contention that he informed Defendants Tobby and Anderson that he had serious medical needs, Plaintiff fails to set forth any facts indicating Defendants Tobby and Anderson were deliberately indifferent to those needs. Instead, by Plaintiff's own admission, Defendants Tobby and Anderson told him they would contact medical personnel on his behalf. Thus, Plaintiff does not allege that Tobby and Anderson disregarded a risk to his health, much less that they did so with conduct that went beyond gross negligence. Plaintiff fails to establish a plausible deliberate indifference claim against Defendants Tobby and Anderson, and the Court **DISMISSES** those claims.

V. **Deliberate Indifference to Medical Needs Claims against Unidentified Prison Staff**

In his Report and Recommendation, the Magistrate Judge noted it appeared Plaintiff set forth claims regarding deliberate indifference to his serious medical needs, but Plaintiff failed to note any particular person or persons responsible for that claim. Plaintiff states in his Objections that he is not sure whether the prison administrator or the medical administrator is responsible for the provision of medical care and treatment. (Doc. 9, p. 7.)

Plaintiff's Objections relating to any putative deliberate indifference claims suffer from the same infirmity as any potential assertions he made in his Complaint regarding such a claim. Plaintiff only points to his uncertainty as to who is responsible for the provision of medical care and treatment at Rogers State Prison. Thus, he fails to establish one of the basic elements of a Section 1983 claim—identifying a person that allegedly violated his constitutional rights in this regard. Even if the Court were to assign responsibility to the prison administrator or the medical administrator, Plaintiff would set forth nothing more than supervisory liability claims. He does

not allege that either of these individuals was personally involved in any deprivation of his constitutional rights. As set forth in preceding Sections of this Order and in the Magistrate Judge's Report and Recommendation, this is an insufficient basis for liability under Section 1983. Thus, the Court **DISMISSES** Plaintiff's deliberate indifference claims against unidentified members of the prison staff.

## VI. State Law Claims

Finally, Plaintiff contends the actions of Defendants Sellers and Shoemaker were intentionally done, and they should be held liable for the state law torts of assault and battery, as well as intentional infliction of emotional distress. (Doc. 9, p. 3.) The Court exercises its supplemental (or pendent) jurisdiction over Plaintiff's state law claims, because he has set forth plausible federal claims against Defendants Sellers and Shoemaker. 28 U.S.C. § 1367(c); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984) (a court can exercise pendent jurisdiction over state law claims not otherwise cognizable in federal court where the court has jurisdiction over a substantial federal claim and the federal and state claims derive from a common nucleus of operative fact) (internal punctuation and citation omitted).

### A. Assault and Battery Claims

Asserting state law claims against Defendants Sellers and Shoemaker in their official capacities is the same as suing the State of Georgia. Georgia is immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Further, "[p]ursuant to [Georgia's] state constitution, sovereign immunity insulates the state and its departments and agencies from liability except to the extent that the legislature enacts a specific waiver." Southerland v. Ga. Dep't of Corr., 666 S.E.2d 383, 385 (Ga. Ct. App. 2008); Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). The

Georgia Tort Claims Act ("GTCA") provides that the "state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment." O.C.G.A. § 50-21-23(a). However, the GTCA also provides thirteen categories of losses for which the state has not waived sovereign immunity. O.C.G.A. § 50-21-24. These exceptions include losses arising from assault and battery. O.C.G.A. § 50-21-24(7). "This exception has been interpreted to mean that 'where a loss results from assault or battery, there is no waiver of sovereign immunity, even though a private individual or entity would be liable under like circumstances.'" Southerland, 666 S.E.2d at 385 (quoting Dep't of Human Res. v. Coley, 544 S.E.2d 165, 167 (Ga. Ct. App. 2000)).

In Southerland, the mother of a deceased inmate brought state law claims against the Department of Corrections for its officers' failure to protect her son from a fatal attack by another inmate. 666 S.E.2d at 384. The Georgia Court of Appeals affirmed the trial court's dismissal of these claims. The court held that, due to the assault and battery exception to the GTCA, the state had not waived its sovereign immunity for the mother's claims. Id. at 385. In other words, even though the assault and battery was inflicted by someone other than the state officer or employee, because the act causing the underlying loss constituted a battery (i.e., the beating of the decedent by a fellow inmate), O.C.G.A. § 50-21-24(7)'s exception to the waiver of sovereign immunity applied. Id.

The decision in Southerland is controlling in the case at hand where Plaintiff seeks to assert state law claims against state actors for losses that were caused by an assault and battery. Consequently, sovereign immunity bars Plaintiff's assault and battery claims against Defendants Sellers and Shoemaker in their official capacities.

Plaintiff also sues Defendants in their individual capacities. Sovereign immunity "does not protect state employees sued in their individual capacity for employment-related acts." Jackson v. Ga. Dept. of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). However, the GTCA provides, "[t]his article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). This state law exemption from individual liability for state officers and employees has been construed broadly. See Romano v. Ga. Dep't of Corr., 693 S.E.2d 521, 525 (Ga. Ct. App. 2010) (dismissing state law conversion claims against correction officers); Davis v. Standifer, 621 S.E.2d 852 (Ga. Ct. App. 2005). "Since there is no exemption in [O.C.G.A.] § 50-21-25 for acts motivated by malice or intent to injure, the presence of such motivation has no effect on the immunity granted by this statute." Ridley v. Johns, 552 S.E.2d 853, 854 (Ga. 2001). "Where the state employee acts in the prosecution and within the scope of his official duties, intentional wrongful conduct comes within and remains within the scope of employment." Romano, 693 S.E.2d at 525 (quoting Ford v. Caffrey, 666 S.E.2d 623, 626 (Ga. Ct. App. 2008)); see also Minor v. Barwick, 590 S.E.2d 754, 762–63 (Ga. Ct. App. 2003) (official immunity under O.C.G.A. § 50-21-25(a) applies even when a state correctional officer acted with malice and intent to injure).

Plaintiff sues Defendants Sellers and Shoemaker for actions that were taken within the scope of their employment as state correctional officers. Consequently, under O.C.G.A. § 50-21-25(a), Plaintiff cannot hold Defendants Sellers and Shoemaker liable under state law in their individual capacities for assault and battery.

## B. Intentional Infliction of Emotional Distress Claims

Plaintiff's state law claims of intentional infliction of emotional distress are barred for the same reasons as his state law assault and battery claims. As detailed above, in Southerland, the Georgia Court of Appeals applied the assault and battery exception "'where a loss results from assault or battery.'" 666 S.E.2d at 385 (quoting Dep't of Human Res. v. Coley, 544 S.E.2d 165, 167). Thus, even though the plaintiff in Southerland brought claims for failure to protect rather than assault and battery, O.C.G.A. § 50-21-24(7) barred those claims. Id. Likewise, Plaintiff cannot skirt the assault and battery exception to GTCA liability by labeling his claims as intentional infliction of emotional distress. Rather, because his claims arise out of Sellers and Shoemaker's alleged assault and battery, he cannot recover against them in their official capacities under state law. Additionally, as detailed above, O.C.G.A. § 50-21-25(a), prevents Plaintiff from suing Sellers and Shoemaker under state law in their individual capacities.

Even if Plaintiff could bring a state law intentional infliction of emotional distress claim against Sellers and Shoemaker, he fails to plausibly state such a claim. To plead properly an intentional infliction of emotional distress claim under Georgia law, a plaintiff must set forth facts that, if proven, establish the following four elements: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1339 (11th Cir. 2004)(citations and punctuation omitted); Trimble v. Circuit City Stores, Inc., 469 S.E.2d 776, 778 (Ga. Ct. App. 1996)(citation omitted). In order to meet the second element, the plaintiff must show that the defendants' "behavior was so extreme or outrageous that 'no reasonable man could be expected to endure it.'" Hammer v. Slater, 20 F.3d 1137, 1144 (11th Cir. 1994)

(quoting Bridges v. Winn-Dixie Atlanta, Inc., 335 S.E.2d 445, 448 (Ga. Ct. App. 1985)); Guthrie v. Waffle House, Inc., 460 F. App'x 803, 809 (11th Cir. 2012). "The existence of a special relationship between the actor and victim," such as that of a prison official to an inmate, "may make otherwise non-egregious conduct outrageous." Trimble, 469 S.E.2d at 778.

"Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." Northside Hosp., Inc. v. Ruotanen, 541 S.E.2d 66, 68–69 (Ga. Ct. App. 2000). "Moreover, demonstrating extreme and outrageous conduct is no easy task. It is not enough for the defendant to have 'acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.'" Id. at 69 (citation omitted). "Instead, this element requires the defendant's conduct to be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Thornton v. Jackson, 998 F. Supp. 2d 1365, 1382 (N.D. Ga. 2014) (quoting Northside, 541 S.E.2d at 69).

While Defendant Sellers' and Shoemaker's actions may have been "tortious or even criminal", Northside, 541 S.E.2d at 69, Plaintiff fails to set forth facts indicating these Defendants' actions were outrageous or extreme. Even if the Court were to find Defendant Sellers' and Shoemaker's actions outrageous or extreme, Plaintiff fails to set forth any facts making it plausible that the actions of Defendants Sellers and Shoemaker caused him severe emotional distress. Instead, Plaintiff baldly contends he cannot exercise or play sports, which is not a sufficient contention to sustain an intentional infliction of emotional distress claim. See Odem v. Pace Acad., 510 S.E.2d 326, 333 (Ga. Ct. App. 1998) (where plaintiff suffered

"marginally high" blood pressure but sought no professional advice, emotional distress was not severe); Witter v. Delta Airlines, 966 F. Supp. 1193, 1201 (N.D. Ga. 1997) (anxiety, sleeplessness, overeating, diarrhea and headaches, were not "severe" for purposes of an intentional infliction of emotional distress claim).

In sum, Plaintiff fails to assert viable state law claims against Defendants Sellers and Shoemaker in their individual or official capacities. Consequently, the Court **DISMISSES** all of Plaintiff's state law claims.

## CONCLUSION

The Court **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein. Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendants in their official capacities, and Plaintiff's claims against Defendants Bryson, Tattum, Tobby, Sanders, Anderson, Medical Administrator, Medical Physician, and All of Rogers State Prison Correctional Facility. In addition, the Court **DISMISSES** Plaintiff's claims against Defendant Reid without prejudice. The Court also exercises its supplemental jurisdiction and **DISMISSES** Plaintiff's state law claims against Defendants Sellers and Shoemaker.

**SO ORDERED**, this /ST day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA