IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TIMOTHY TIMMONS,

    Plaintiff,

v.

BRANDON SELLERS; DERRICK
SHUEMAKE; OTIS MCINTOSH; and
BOOTH CONTROL OFFICER,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-19

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated September 20, 2016, (doc. 26). After an independent and *de novo* review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motion to Dismiss based on Plaintiff's failure to exhaust his administrative remedies, **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. The Court **DISMISSES** as moot Plaintiff's Motion to Compel. (Doc. 11.) The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

## BACKGROUND

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on February 19, 2016. (Doc. 1.) After conducting the requisite frivolity review, the Magistrate Judge ordered that Plaintiff's Complaint be served based on Plaintiff's assertions that Defendants Shuemake and

Sellers used an excessive amount of force against him on April 24, 2015, and Defendant "Booth Control Officer" witnessed this use of force without intervening on Plaintiff's behalf. Plaintiff's Complaint was also served based on Plaintiff's allegation that Defendant McIntosh violated his right to due process during his disciplinary hearing procedures. (Doc. 7.) The Magistrate Judge recommended that all other claims against all Defendants be dismissed, and the Court adopted this recommendation as the opinion of the Court. (Doc. 23.)

Defendants Sellers, Shuemake, and McIntosh filed a Motion to Dismiss. (Doc. 17.) The Magistrate Judge recommended Defendants' Motion, to include the still unidentified "Booth Control Officer," be granted. (Doc. 26.) Plaintiff has now filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. 27.) Plaintiff also filed a "Supplemental Complaint".[1] (Doc. 28.)

## DISCUSSION

In his Objections, Plaintiff asserts he agrees with the Court regarding the law courts must employ in determining whether a party has exhausted his administrative remedies. (Id. at p. 1.) However, Plaintiff states in a conclusory fashion that he could not access the grievance procedures "due to Defendants' strategic methods of hendering [sic] Plaintiff to enact his right to do such, due to allegations of assault by Defendants." (Id.) Plaintiff also states that the grievance he filed in November 2015 constitutes exhaustion of his administrative remedies because he received the final denial of his appeals of that grievance on March 17, 2016. (Id. at p. 5.) As the Magistrate Judge noted, a prisoner-plaintiff is to exhaust his available administrative remedies prior to filing a cause of action in federal court. (Doc. 26, pp. 3–14.) Plaintiff's Complaint was filed on February 19, 2016, (doc. 1). Thus, even if the Court were to

---

[1] The assertions in Plaintiff's Supplemental Complaint are due to be dismissed for the same reasons Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed.

2

accept as true Plaintiff's assertion that he exhausted his available administrative remedies as of March 17, 2016, he still would not have exhausted those remedies prior to the filing of his Complaint.

Lastly, Plaintiff admits that he was advised of his right to appeal the disciplinary hearing officer's finding of guilt. (Doc. 27, p. 5.) Nevertheless, Plaintiff maintains he was not given the opportunity to appeal the decision and was not informed as to how to appeal the decision. The Magistrate Judge noted that Plaintiff had available to him the grievance procedure applicable to disciplinary proceedings, Standard Operating Procedure IIB02-001, and concluded that Plaintiff did not avail himself to that procedure. (Doc. 26, pp. 17–18.) Plaintiff's Objection in this regard presents nothing more than his displeasure with the Magistrate Judge's findings, which is an insufficient basis for the Court to sustain this Objection.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motion to Dismiss based on Plaintiff's failure to exhaust his administrative remedies, **DISMISSES** Plaintiff's Complaint without prejudice, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. The Court **DISMISSES** as moot Plaintiff's Motion to Compel. (Doc. 11.) The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 19th day of December, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3